Michael G. Coash El Dorado City Attorney 220 E. First P.O. Box 792 El Dorado, Kansas 67042
Dear Mr. Coash:
As city attorney for the city of El Dorado, you request our opinion concerning whether the city can hold an election this summer to continue the city retailers' sales tax which will sunset on October 1, 1994. Your concern is the interpretation of K.S.A. 12-191 which provides, in relevant part, as follows:
 "The collection of any sales tax of a county or city approved at any other election shall commence on the first day of the calendar quarter next following the 60th day after the date of the election authorizing the levy of such tax."
Assuming the voters approved the continuation of the tax, collection for this tax would not commence until 1994 when the present ordinance providing for the levy of the current sales tax expires.
There is no case law on this point nor has this office addressed any similar inquiry. Therefore, it will be necessary to examine the election and collection mechanics of this particular tax as well as some legislative history on this particular provision.
Pursuant to K.S.A. 1992 Supp. 12-187(g), any city which proposes to adopt a retailers' sales tax must submit the matter to the voters and state the rate and the effective date of the proposed tax. If a majority of the voters approves, the governing body adopts an ordinance authorizing the levy. As far as collection of the tax is concerned, a city is prohibited from collecting it. K.S.A. 1992 Supp. 12-189. Rather, the department of revenue administers, enforces and collects the tax in the same manner as the state retailers' sales tax. Upon receipt of a certified copy of a city ordinance authorizing the levy, the state director of taxation "shall cause such taxes to be collected within or without the boundaries of such taxing subdivision at the same time and in the same manner provided for the collection of the state retailers' sales tax." Collection is effectuated by the retailers filing returns with the department of revenue which cover both the state and local taxes. K.S.A.79-3607. The department of revenue places the funds in the state treasury and disburses them to the city treasury.
The question then becomes whether it is mandatory that the department of revenue commence collection on the first day of the calendar quarter following the 60th day after the date of the election or whether this provision is directory. In order to answer this question, it is necessary to review the legislative history of K.S.A. 12-191.
The city retailers' sales tax provisions were originally placed in chapter 79 of the Kansas statutes annotated which covered all taxing measures. Article 44 of chapter 79 addressed local sales and earning taxes. K.S.A. 1971 Supp. 79-4426 provided, in relevant part, as follows:
 "Collection of city sales taxes shall commence on the first day of the month except in no event shall collection . . . begin . . . prior to the first day of the month next following the 60th day after the date of the election authorizing the levy."
This language continued when the local sales tax provision was transplanted into chapter 12 (cities and municipalities) until 1985 when the language was changed as follows:
 "The collection of any sales tax of a county or class B city approved at any other election shall commence on the first day of the calendar quarter next following the 60th day after the date of the election authorizing the levy of such tax."
In 1990, K.S.A. 12-191 was amended to replace "class B" with "any city".
It appears from the language of K.S.A. 12-191 in its original form that there was concern that collection not occur too soon after the election.
In determining whether statutory provisions are mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time in which an official act is to be done, and it is intended to secure order, system and dispatch of public business, the provision is directory." City of Hutchinson v. Ryan, 154 Kan. 751 (1942). In its genesis, the provision in K.S.A. 12-191 appears to be mandatory because it prohibits collection prior to 60 days after the election. However, when the language was changed in 1985, it became a directory instruction to the department of revenue because it merely directs a manner of proceeding by the department of revenue. This interpretation is bolstered by the fact that the department of revenue cannot begin collection until it receives a certified copy of the ordinance authorizing the levy. After receipt, the department can begin collection provided 60 days have elapsed since the election.
The department of revenue is currently collecting the sales tax under the present ordinance and there would be no disruption should the voters decide to continue the tax after the October 1, 1994 sunset date. In addition, the election notice must state the rate and effective date of the proposed tax. K.S.A. 1992 Supp. 12-187(g). Consequently, it is the opinion of this office that the provision in K.S.A. 12-191 relating to collection of the sales tax by the department of revenue is directory and there is no Kansas law which prohibits the city from holding a sales tax election this year for the purpose of continuing the present sales tax, at the same rate, which expires next year.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm